**UNITED STATES of America,**
**Appellant,**

v.

**José Anibal VARGAS, Defendant–**
**Appellee.**

**Docket No. 01–1469.**

United States Court of Appeals,
Second Circuit.

Dec. 20, 2002.

Sara M. Lord, Asst. U.S. Atty., Albany, NY, for Appellant.

Gene V. Primomo, Asst. Fed. Pub. Defender, Albany, NY, for Appellee.

Present NEWMAN and POOLER, Circuit Judges, and JONES,* District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is REMANDED.

The United States appeals from the July 29, 2001, judgment of the District Court for the Northern District of New York (Frederick J. Scullin, Jr., District Judge) sentencing José Anibal Vargas to 24 months' imprisonment for violating 8 U.S.C. § 1326, which prohibits previously deported aliens from reentering the country without permission from the attorney general. In sentencing Vargas, the District Judge justified a downward departure on the basis of the "lesser harm" provision of the Sentencing Guidelines, U.S.S.G. § 5K2.11.

Vargas, a citizen of the Dominican Republic, became a permanent legal resident in 1989. After three narcotics convictions, the last of which resulted in a two- to four-year sentence of imprisonment, Vargas was deported to the Dominican Republic. Four months after his deportation, Vargas attempted to enter the United States illegally. He was arrested, charged with illegal reentry following deportation in violation of 8 U.S.C. § 1326, and pled guilty.

The presentence report ("PSR") recommended that the base offense level of 8 for "unlawfully entering or remaining in the United States," see U.S.S.G. § 2L1.2(a), be increased by 16 levels because Vargas had been convicted of an "aggravated felony," see U.S.S.G. § 2L1.2(b)(1)(A)(1998).[1] An adjusted offense level of 21 was recommended, presumably because of a three-level reduction for acceptance of responsibility. See id. § 3E1.1. The PSR calculat-

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. The Guidelines have since been amended. However, even under the amended Guidelines, Vargas would have received the same

16-level enhancement under § 2L1.2(b)(1)(A)(i) as a previously deported alien convicted of "a felony that is ... a drug trafficking offense for which the sentence imposed exceeded 13 months."

ed that Vargas's prior record placed him in Criminal History Category IV, which resulted in a recommended sentencing range of 57 to 71 months.

At sentencing, Vargas requested a "lesser harm" departure, *see* U.S.S.G. § 5K2.11, which is available where a defendant's conduct, although violative of a statute, does not accomplish the harm that the statute was designed to prevent. Believing that section 1326 was designed to prevent deported aliens who had committed crimes from returning to commit additional crimes and concluding that Vargas had reentered illegally to visit his family and not to commit crimes, the District Judge granted the departure. The Court sentenced Vargas to 24 months in prison, plus a three-year term of supervised release, with the added condition of not reentering the United States again.

In *United States v. Carrasco*, 313 F.3d 750 (2d Cir.2002), filed today, we ruled that a lesser harm departure is not available simply because an alien, convicted of violating section 1326, has not been shown to have reentered illegally for the purpose of committing additional crimes. Vargas was not eligible for a departure under section 5K2.11. We therefore remand with directions to resentence Vargas within the applicable Guidelines sentencing range.